**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1191
_____

NARDINO COLOTTI,
                              Appellant

v.

DIRECTOR, BOP COLETTE PETERS;
WARDEN MICHAEL UNDERWOOD

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-00127)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed May 7, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Nardino Colotti appeals from an order of the United States District Court for the Western District of Pennsylvania denying his habeas petition brought pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

In 2006, Colotti and his codefendants were convicted of multiple offenses, including racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), with certain predicates to the charged RICO offense constituting the requisite crimes of violence. Colotti was subsequently sentenced to an aggregate term of imprisonment of 324 months, which includes a consecutive term of 84 months attributable to the § 924(c) conviction. His conviction and sentence were upheld on direct appeal, see United States v. Ivezaj, 568 F.3d 88 (2d Cir. 2009), and 336 F. App'x 6 (2d Cir. 2009), and his first motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was unsuccessful, see Colotti v. United States, 2012 WL 1122972 (S.D.N.Y. Apr. 4, 2012).

Following the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, 588 U.S. 445 (2019), Colotti sought to vacate his § 924(c) conviction on the ground that a substantive RICO violation did not qualify as a crime of violence. That authorized successive §2255 motion was ultimately unsuccessful, with the Second Circuit upholding the denial of habeas relief and the Supreme Court denying Colotti's petition for certiorari. See Colotti v. United States, 71 F.4th 102 (2d Cir. 2023), cert. denied, 144 S. Ct. 2699 (2024). Notably, the Second

2

Circuit determined that "[a] conviction for a substantive RICO offense will constitute a crime of violence if the conviction was based on at least one predicate act that can be committed only by use of force," id. at 111, and that larceny by extortion through threat of injury to a person, in violation of New York Penal Law § 155.40(2)(a), constituted "a valid predicate crime of violence," id. at 116. Accordingly, Colotti's § 924(c) conviction remains intact.

In June 2024, Colotti, who is incarcerated in Pennsylvania, filed a § 2241 petition seeking the application of earned time credits pursuant to the First Step Act ("FSA"). See 18 U.S.C. § 3624. He argued that his RICO conviction did not qualify as a crime of violence for purposes of his § 924(c) conviction, such that the FSA's ineligibility provisions should not apply to him. See 18 U.S.C. § 3632(d)(4)(D)(xxii). He further asserted that the BOP should not aggregate his sentence as a single FSA-ineligible term, and that he should be permitted to earn and apply good time credits to the 240 months not attributable to his § 924(c) conviction.

The District Court sua sponte denied relief, concluding that Colotti is statutorily ineligible to earn time credits due to his § 924(c) conviction, and that the BOP properly applied that bar to his aggregate sentence. Colotti appeals.

We review de novo the District Court's denial of Colotti's § 2241 petition. We will affirm on the reasoning of the District Court. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

The FSA provides, in relevant part, that "[a] prisoner … serving a sentence for a conviction under … Section 924(c), relating to unlawful possession or use of a firearm

3

during and in relation to any crime of violence," is "ineligible to receive time credits."  18 U.S.C. § 3632(d)(4)(D)(xxii).  Colotti is serving a sentence for a conviction under § 924(c), and the Second Circuit has specifically rejected his assertion that his RICO conviction is not a predicate crime of violence for purposes of § 924(c).  See Colotti, 71 F.4th at 116.  Therefore, under the plain text of the Act, Colotti is ineligible to earn good time credits.  Further, as the District Court concluded, the BOP properly aggregated Colotti's convictions as a single sentence for purposes of FSA time credits.  See 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."); see also Giovinco v. Pullen, 118 F.4th 527, 531 (2d Cir. 2024), petition for cert. filed, No. 24-6827 (U.S. Mar. 21, 2025) (citing with approval Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021), and concluding that "the aggregation provision [of § 3584(c)] applies to the BOP's administration of the FSA time credit program").

Accordingly, we will affirm the judgment of the District Court.

4